MILES A. HANCHETT v. MARGARET C. M. O'REILLY.

Submitted December 5, 1907—Decided February 24, 1908.

An express covenant on the part of a landlord to repair and restore the demised premises to their former condition, in case they are injured by the elements so as to be untenantable and unfit for occupancy and use as a coal yard—*Held*, to include injuries resulting from the action of the elements causing natural and gradual decay.

---

On appeal from the First District Court of Newark.

Before Justices VOORHEES and MINTURN.

For the plaintiff, *Charles B. Storrs.*

For the defendant, *Howe & Davis.*

The opinion of the court was delivered by

VOORHEES, J. The plaintiff is the lessee of certain premises in Orange, which he uses as a coal yard, and upon which there was constructed, at the time of the letting, a trestle for the passage of coal cars from the main line of the Delaware, Lackawanna and Western Railroad Co. to the coal chutes of the plaintiff.

The following covenants were contained in the lease:

"And it is further mutually covenanted and agreed by and between the parties to these presents that in case the said premises or the buildings and structures thereon, shall, without any fault or neglect on the part of the party of the second part, be destroyed by fire or to be injured by the elements as to be untenantable and unfit for occupancy and use as a coal yard, that thereupon, and in such case, the said party of the first part (the landlord), her heirs or assigns, shall at once and without delay repair and restore the said premises, buildings and structures so destroyed or damaged to their former condition.

"And it is further mutually covenanted and agreed that the said party of the second part (the tenant) shall quit, surrender and yield up the premises at the expiration of said term or other sooner determination of the lease in as good state and condition as reasonable use and wear thereof will permit, damages by the elements excepted."

It appears from the agreed state of facts:

"That the bill for repairs sued for covered labor and materials in repairing parts of the trestle, and in replacing rotten and decayed timber with new timber; that such timber had become rotten and decayed by the operation of natural causes in the course of time, covering a period of about fourteen years, and not by any sudden or violent operation of the earth, air, water or fire."

The plaintiff, after making demand for the repairs thus

made necessary, and waiting a reasonable time, proceeded with the work himself, and now sues for $268.67, the cost of these repairs.

The defendant urges that the covenant to repair, when properly construed, means that the injury by the elements, causing an untenantable condition of the premises, must be such as shall be brought about by a sudden, forcible, unusual and unforeseen disturbance, and must ·exclude such deterioration which is the result of the ordinary action of rain, heat, cold, &c.

Such has been the construction of these words in cases arising under the statutes declaring that rent shall cease where premises become untenantable by fire or the elements, for the reason that it was not the object of such statutes to alter the relation between landlord and tenant as they exist at common law. *Suydam* v. *Jackson,* 54 N. Y. 450. But the reasoning does not apply where there is an express covenant by the lessor to repair.

Judge Cooley, delivering the opinion of the court in *Van Wormer* v. *Crane,* 51 Mich. 363, says:

"Injuries to buildings by wind, rain, frosts and heat are spoken of as injuries by the elements, and all the ordinary decay from natural causes is classed in the same category. * * * In the popular acceptation of the phrase, injuries by the elements are such injuries as result from the operation of the most common destructive forces of nature against which buildings need to be protected."

As the express object of the covenant was to maintain the premises and structures in such condition that they might be used for a coal yard, every reasonable intendment will be made to effect that purpose.

The degree of injury which calls for reparation is such as will render the premises unfit for the purpose. This is broad enough to include a condition brought about gradually as well as suddenly. The language of the covenant rather excludes the idea of such injury as might be expected to result from a sudden and violent operation of the elements.

By the subsequent covenant contained in the lease, the

tenant is relieved from any liability from deterioration caused by reasonable use and wear, and also by damages by the elements.

The tenant was not at common law impliedly liable for the ordinary wear and tear of the premises or to make substantial and lasting repairs, such as are usually called general repairs. *Tayl. L. & T.* (*7th ed.*), § 343. *Warren* v. *Wagner*, 75 *Ala.* 188.

The covenant of the tenant to surrender the premises in as good condition as he found them is not broken by failure to make preparation for natural and unavoidable decay. *Wood L. & T.,* § 368.

His duty was "to conduct himself in the use of the property as not to cause unnecessary injury." *United States* v. *Bostwick,* 94 *U. S.* 53. In the present case, both expressly and impliedly, he is relieved from repairing as against damages by the elements.

The defendant's covenant includes injuries resulting from the action of the elements causing natural and gradual decay, and when such injuries reach a point causing unfitness of the premises for the use contemplated, the duty to restore will devolve upon the covenantor.

The judgment is affirmed.

Submitted December 5, 1907—Decided February 24, 1908.